CITY NATIONAL BANK OF QUANAH ET AL. V. MARTIN-BROWN COMPANY.

Decided December 31, 1898.

1. Practice—Question of Fact for Jury.

Whether or not a statement by a third person, relied upon in selling goods on credit, that the buyer was worth $15,000 net, was true or untrue, is a question for the jury upon evidence that within less than two months he was insolvent and made a deed of trust to secure a debt to the person who made the statement.

2. Fraud—Excess of Property Conveyed.

The fact that the amount of property mortgaged is out of all proportion to the debt secured is a circumstance in connection with others for the consideration of the jury in determining whether or not a mortgage was taken solely to secure a debt.

3. Same—Notice of Fraudulent Intent.

Notice to a preferred creditor that it is the purpose and desire to avoid the payment of other creditors by giving a preference is not notice of an intent fraudulent in the meaning of the law; but an intent on the part of the debtor both to secure the preferred creditor and to cover up for himself as a permanent gain or temporary advantage the property conveyed or any part thereof, is fraudulent, and the preferred creditor who accepts a mortgage so made, with notice of such intent, becomes privy to the fraud, and can not be deemed to have taken the mortgage solely to secure his claim.

APPEAL from Hardeman. Tried below before Hon. G. A. BROWN.

*J. M. Standlee, M. M. Hankins, S. W. Tenley,* and *B. P. Eubank,* for appellant.

*Duncan G. Smith* and *John W. Wray,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought to try the right of property to a stock of goods conveyed on October 15, 1892, from Charles Goldberg to John C. Phelan, as trustee for the Martin-Brown Company, to secure a debt of $17,152.83. The case has been twice tried, and this is the second appeal, though the position of the parties on the docket here is now reversed. For a statement of the issues and facts developed on the first trial, see the opinion of Justice Hunter in 41 Southwestern Reporter, 524. The issues were the same upon the last trial, and the main features of the evidence were the same, except that the validity of the Martin-Brown Company debt was not admitted.

In response to special issues submitted, the jury found (1) that the debt of the Martin-Brown Company secured by the mortgage was real and valid; (2) that in executing the mortgage Goldberg did not intend to defraud his creditors; (3) that the Martin-Brown Company in taking the mortgage had no knowledge of any fraud on the part of Goldberg; (4) that it was taken to secure a valid debt; and (5) that the value of the stock of goods covered by the mortgage and replevied by the Martin-Brown Company was $16,000.

In submitting these issues the court gave, in addition to the general charge, the following special instruction: "You are instructed by the court that you shall not consider for any purpose the letters from the

Wolfson Bros. & Co. to the Martin-Brown Company, and from John V. Farwell & Co. to the Martin-Brown Company, in relation to the financial condition and standing of Charles Goldberg, with a view to extending him credits, and the answers of the Martin-Brown Company thereto, as there is no evidence before you that anything stated by the Martin-Brown Company was untrue, nor that the Martin-Brown Company ever came into possession or acquired a lien on any property acquired by Charles Goldberg from Wolfson Bros. & Co. or from John V. Farwell & Co."

The following is the correspondence excluded by this charge:

"Chicago, 8/16, 1892.

"Martin-Brown Company, Fort Worth, Texas:

"Will you advise us confidentially regarding the financial standing, responsibility, and general reputation for promptness and integrity of C. Goldberg, Quanah, Texas, and oblige, yours very truly,

"John V. Farwell Co.

"Please reply on this sheet.

"[Reply.]  We have been doing business with Mr. Goldberg for three years, and have found the account satisfactory.  He is worth about $15,000 net, and meets his payments with average promptness.  His reputation is good in every way, and we believe him honest.  Yours,

"The Martin-Brown Company.
"Phelan."

"Cincinnati, Ohio, August 17, 1892.

"Martin-Brown Dry Goods Company, Fort Worth, Texas:

"Dear Sirs:    Will you please give us in confidence such information as you may have respecting the character, responsibility, and general standing of Chas. Goldberg, Quanah, Texas, and to what extent the above named party is indebted to you due or past due.  Your information, we assure you, will be regarded as strictly confidential.  At all times prepared to reciprocate your kindness, we remain,

"Wolfson Bros. & Co.

"Amount our order, $1300.

"[Reply.]  We have been doing business with Mr. Goldberg for three years, and find the account very satisfactory.  He is worth $15,000 net, and stands well.  Character, responsibility, etc., good.  We hold him in good credit.

"The Martin-Brown Company.
"Phelan."

On the faith of the reply to their letter of inquiry, John V. Farwell Company sold Goldberg a bill of goods on a credit, amounting to over $1000; and so did Wolfson Bros. & Co. on the faith of the reply to their letter.

Error is assigned to the giving of this special instruction, and we see no escape from the conclusion that the assignment is well taken.  It

seems perfectly clear to us that the testimony should not have been excluded; but if we had any doubt about the admissibility of the evidence, we could have none as to the error in charging the jury that there was "no evidence" before them "that anything stated by the Martin-Brown Company was untrue." That was equivalent to a charge that within less than two months before the failure of Goldberg he was worth about $15,-000 net, whereas the evidence tended to show that he was insolvent when the deed of trust was made, and hence may have been in substantially the same condition sixty days prior thereto. It would have been nearer the truth, as we read the record, to have charged that Goldberg, at the dates of the letters in question, as well as at the date of the deed of trust, owed about $15,000 net. At all events, it was for the jury and not the court to say whether the statement was true or false, and to draw their own conclusions from what they might find the fact to be.

We are also inclined to the opinion that the court erred in permitting appellee to prove by the witness Phelan that, after he had obtained from Goldberg for the Martin-Brown Company the deed of trust and other security, he offered to turn over to the City National Bank of Quanah all said property if the bank would pay the Martin-Brown Company's debt in eight equal monthly installments, provided the bank would submit to an inspection of its condition by Phelan, and that the bank refused to accept the proposition. This was after all transfers had been made, and after possession of the property had been delivered to Phelan, so that it was not res gestae. We know of no rule of evidence that would admit such testimony. Subsequent as well as previous acts and declarations may be admitted, when they tend to impeach the transaction by evidencing a fraudulent intent, but subsequent declarations of good faith, though embodied in propositions never so plausible, are excluded as selfserving. They might be prompted by a penitent heart, or considerations of prudence, but that would not purge the completed transaction of crime or fraud.

For the same reason, the proposition made some months afterwards, but for the testimony offered by appellants on that subject, was inadmissible.

The charge submitting the issue of fraud is complained of, but whether it had such tendency to confuse and mislead as to require the judgment to be reversed, especially in view of the findings, we need not determine. We call attention to the case of Frost v. Mason, 17 Texas Civ. App., 465, decided by this court and reported since the trial herein, in which case writ of error was refused. Also the opinion in Louisiana, etc., Co. v. Harrison, 9 Texas Civ. App., 141, and the cases there cited. Also Olmstead v. Martin, 45 Michigan, 617, in which it is held that if the amount of property mortgaged be out of all proportion to the debt secured, it is a circumstance, in connection with others, for the consideration of the jury in determining whether or not the mortgage was taken solely to secure the debt.

It is barely possible that one expression in the opinion on the former

appeal in this case may have misled the district judge; hence these suggestions. The distinction should constantly be borne in mind in submitting issues involving the rights of a creditor who accepts a mortgage as security for his debt, that an intent on the part of his debtor to do what the law permits, that is, to prefer his creditors, is not a fraudulent intent within the meaning of the statute, though it be the purpose and desire of the debtor to avoid the payment of other creditors by giving such preference, and that notice of such intent on the part of the preferred creditor is not notice of an intent fraudulent in the meaning of the law; but that an intent on the part of the debtor both to secure the preferred creditor and to cover up for himself as a permanent gain or temporary advantage the property conveyed or any part thereof is fraudulent, and that the preferred creditor who accepts a mortgage so made, with notice of such intent, becomes privy to the fraud and can not be said to take the mortgage solely to secure his debt.

On account of the error in giving the special charge requested by counsel for appellee, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

In view of another trial in this case, we have concluded to modify the opinion heretofore filed in reference to the admissibility of the testimony of Phelan, tending to show that appellant bank declined the proposition of appellee, made through Phelan just after taking possession of the stock of goods under the deed of trust, to turn over to the bank, on conditions named, all the property of Goldberg held by the Martin-Brown Company as security for its debt, a majority of this court being now of opinion that the conduct of the bank in declining that proposition—conditional though it was—should be considered by the jury for whatever it may be worth upon the issue tendered by the bank of alleged excess in the value of the collaterals taken by the Martin-Brown Company as security for its debt. The writer, however, is still inclined to the opinion that the testimony was inadmissible, but abstains from any discussion of the question.

With this modification of the opinion, the motion for rehearing will be overruled.

*Overruled.*